WO **JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Johnny Anthony Salazar, | ) | No. CV 06-1778-PHX-SMM (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Johnny Anthony Salazar, a county jail inmate, filed this civil rights action. Soon after filing, on July 18, 2006, the Clerk of Court issued a notice of assignment (Doc. # 2). The notice was returned in the mail on July 26, 2006 (Doc. # 3). Plaintiff has yet to submit a notice of change of address. Rule 83.3(d) of the Local Rules of Civil Procedure requires Plaintiff to file a notice of change of address 10 days before the move is effective. Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. Plaintiff has not complied with these requirements.

Plaintiff has the general duty to prosecute this case. <u>Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a <u>pro se</u> action to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does

1  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
2  the burden of keeping the court apprised of any changes in his mailing address."  Carey v.
3  King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order Plaintiff
4  to show cause why dismissal was not warranted, the Order "would only find itself taking a
5  round trip through the United States mail."  Id.

6       Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
7  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
8  move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
9  (1962), the Supreme Court recognized that a federal district court has the inherent power to
10 dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
11 of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,
12 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
13 without notice or hearing.  Id. at 633.

14      In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
15 the Court must weigh the following five factors: "(1) the public's interest in expeditious
16 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
17 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
18 availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.
19 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the
20 imposition of sanctions in most cases, while the fourth factor cuts against a default or
21 dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."
22 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

23      Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
24 to keep the Court informed of his address prevents the case from proceeding in the
25 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor
26 requires the Court to consider whether a less drastic alternative is available.  Without
27 Plaintiff's current address, however, certain alternatives are bound to be futile.
28

1 | The Court finds that only one less drastic sanction is realistically available. Rule
2 | 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
3 | merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
4 | the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
5 | and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
6 | Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the Complaint and this action are **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly.

DATED this 27th day of September, 2006.

_____
Stephen M. McNamee
United States District Judge